IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ANTHONY JOSUE GRAJALES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SANTANDER CONSUMER USA INC., | ) | |
| CITIBANK, N.A., WILMINGTON | ) | |
| TRUST, N.A., PENRAC LLC, US | ) | |
| BANK NATIONAL ASSOCIATION, | ) | 1:25-cv-877 |
| KROLL BOND RATING AGENCY, LLC | ) | |
| (KBRA), FITCH RATINGS, INC., | ) | |
| EQUIFAX INC., EXPERIAN | ) | |
| INFORMATION SOLUTIONS, INC., | ) | |
| TRANSUNION LLC, SANTANDER DRIVE | ) | |
| AUTO RECEIVABLES TRUST 2023-1 | ) | |
| (SDART 2023-1), SANTANDER DRIVE | ) | |
| AUTO RECEIVABLES TRUST 2023-2 | ) | |
| (SDART 2023-2), ENTERPRISE CAR | ) | |
| SALES (Allentown, PA location), | ) | |
| CARMAX AUTO SUPERSTORES, INC., | ) | |
| FIFTH THIRD BANK, CAPITAL ONE | ) | |
| FINANCIAL CORPORATION, DEUTSCHE | ) | |
| BANK AG, and ALLSTATE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

On March 24, 2026, this court entered an Order requiring

Plaintiff to appear and show cause why he should not be

sanctioned for his frivolous abuse of the litigative process.

(Doc. 192 at 7-8.) A hearing was held on the show cause order on

May 29, 2026. Plaintiff appeared, as did counsel for the different Defendants.

During the hearing, this court inquired of Plaintiff about his response, (Doc. 196), to the order to appear and show cause. Local Rule 7.3(d)(1) limits responsive briefs to no more than 6,250 words unless the court permits otherwise. LR 7.3(d)(1). Plaintiff's Response to Order to Appear and Show Cause, (Doc. 196), far exceeds the 6,250 word limit, with single-spaced formatting and 22 pages in length. Plaintiff offered no recognizable justification for his failure to follow the Local Rules. Instead, Plaintiff contended that as a lay person and pro se Plaintiff, the rules were too difficult to understand. This court disagrees, especially in light of the complex causes of action and arguments Plaintiff has asserted in this court, all of which demonstrate an ability of Plaintiff to study applicable rules when it serves his interests. (See, e.g., Doc. 137.) Furthermore, Plaintiff is plainly able to review and assert the Local Rules, as he has in one instance moved "for permission to utilize the Court's CM/ECF electronic filing system ('E-Filing System') pursuant to Local Rules of the Middle District of North Carolina and Rule 5(d)(3) of the Federal Rules of Civil Procedure." (Doc. 36 at 1.) This court has little difficulty concluding that Plaintiff's excessive pleading and acts of ignoring the Local Rules result in Plaintiff's use of the

- 2 -

pleadings process for improper purposes, including causing unnecessary delay and needlessly increasing the cost of litigation. See Fed. R. Civ. P. 11(c)(1).

"District courts have an inherent power to issue sanctions that is not governed by rules of procedure or statutes but by the control vested in courts to manage their affairs in such a way as to efficiently dispose of cases." Robinson v. Oaks, No. 21-CV-00123, 2022 WL 382028, at *6 (W.D.N.C. Feb. 8, 2022) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991)). While litigants proceeding without counsel are "granted a degree of indulgence not extended to lawyers when a court considers the imposition of Rule 11 sanctions," such latitude does not extend to "manifestly frivolous" arguments. Peggs v. Ingle, No. 09CV327, 2009 WL 3208420, at *3 (M.D.N.C. Sep. 20, 2009). When "[a]ny reasonable inquiry" would reveal "no basis" for the actions, "the Court should impose a Rule 11 sanction upon Plaintiff." Id.

The Fourth Circuit has articulated four factors for courts to consider when fashioning a Rule 11 sanction: "(1) the reasonableness of the opposing party's attorney's fees; (2) the minimum to deter; (3) the ability to pay; and (4) factors related to the severity of the Rule 11 violation." In re Kunstler, 914 F.2d 505, 523 (4th Cir. 1990). Because of Plaintiff's flagrant disregard of the Local Rules, this court

- 3 -

finds Plaintiff should be sanctioned by payment of a penalty to the court in the amount $120.00. While sanctions may be awarded to serve the purposes of punishing the violating party or compensating those affected by the violations, the "primary, or 'first' purpose of Rule 11 is to deter future litigation abuse." Id. at 522. The $120.00 penalty is appropriate in light of the fourth factor for the reasons stated above and during the hearing, and the second factor because of Plaintiff's persistent failure to follow this court's continued warnings. While the connection between the attorneys' fees incurred by Defendants and the multitude of filings by Plaintiff is apparent, an award of attorneys' fees is greater than necessary to deter Plaintiff's actions given the stage of this litigation and Plaintiff's pro se status. This case will be stayed for 90 days or until such time as Plaintiff pays the sanction. If Plaintiff fails to pay the sanction as directed within the 90-day time frame, the court will consider alternative sanctions, to and including dismissal of the Complaint.

This court will also consider whether a prefiling injunction should be imposed. Under the All Writs Act, 28 U.S.C. § 1651(a), this court has "the authority to limit access to the courts by vexatious and repetitive litigants." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004). While this "drastic remedy must be used sparingly," the Fourth Circuit

- 4 -

has recognized that a prefiling injunction may be imposed under "exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." Id. (internal quotations omitted) (quoting Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993)). This court finds that it has the right to impose a prefiling injunction because of Plaintiff's continuous abuse of the litigative process after written warnings, his actions during the hearing, and his filing of false citations.

The Fourth Circuit has identified four factors for courts to weigh when considering a prefiling injunction:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

Cromer, 390 F.3d at 818. While Plaintiff, proceeding without counsel, may have a good faith basis for zealously pursuing his claims, this court finds that Plaintiff has "disregarded the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court by filing pleadings and papers in the hundreds of pages . . . and filing a Surreply without Court authorization, in violation of Local Rule[s]." Edokobi v. M & M Mortg. Servs., Inc., No. PWG-13-3707, 2014 WL 5393527, at *6 (D. Md. Oct. 22, 2014), aff'd, 597 F. App'x 754 (4th Cir. 2015).

- 5 -

These actions have not only "burdened the defendants sued" but also "employees of the Clerk's Office who are required to process his voluminous filings." Id. Such "repeated motions place a substantial burden on the Court's limited judicial resources and on Defendants who must respond." Sayman v. Richey, No. 314-CV-00426, 2015 WL 792051, at *7 (W.D.N.C. Feb. 25, 2015), aff'd sub nom., 606 F. App'x 101 (4th Cir. 2015).

Plaintiff offered no reasonable explanation of his continued filing of improper motions and documents after warnings by the Magistrate Judge, (see Doc. 141 at 3, Doc. 149). During the course of the hearing, when confronted by this court about the filing of a second complaint after the Magistrate Judge allowed one amended complaint, (see Docs. 141, 142, and 147), Plaintiff falsely represented that he had withdrawn the offending complaint, whereas he had not withdrawn the document. Instead, the Magistrate Judge entered an order striking the improperly filed document. (See Doc. 149.)

In addition, it appears Plaintiff has also been using some form of generative artificial intelligence resulting in citations which are hallucinations or other improper citations. (See Doc. 223 at 6-7 and 12-16). Defendants identify that in one of Plaintiff's numerous responses, he made a total of "one hundred fifteen false citations." (Doc. 186 at 4 n.2 (emphasis omitted).) This included "twenty-nine of the cases cited by

- 6 -

Plaintiff [that] do not exist as cited," an "additional four cases [that] have been overturned, five cases [that] were cited for quotations that do not appear therein, and seventy-seven [that] do not contain the proposition for which they were cited." (Id. (emphasis omitted); see also Doc. 186-1 (compiling the false citations).)

"[W]hether created by generative artificial intelligence or not," Plaintiff "submitting a filing containing false submissions . . . is unacceptable." Simpson v. Portfolio Recovery Assocs., LLC, No. 24-CV-00094, 2025 WL 3684541, at *6 n.6 (W.D. Va. Dec. 19, 2025). As explained by the Fourth Circuit in Cromer, this court must consider "the extent of the burden on the courts and other parties resulting from the party's filings." Cromer, 390 F.3d at 818. Because of Plaintiff's citations, Defendants are not only burdened by the volume of Plaintiff's filings but now must "wade through misleading material." Simpson, 2025 WL 3684541, at *6 n.6. This additional burden underscores the need for a prefiling injunction. This court finds that under the fourth factor in Cromer an alternative sanction will not "suffice[] to deter [Plaintiff] from making future filings" because, as Defendants explain, "after [Defendants] identified eight false citations in Plaintiff's Final Amended Complaint, Plaintiff not only failed to correct these discrepancies, but still cited an additional

- 7 -

sixteen cases that either do not exist or fail to include the quoted language or cited propositions." (Doc. 223 at 13 (emphasis omitted).) At the hearing, Plaintiff had no non-frivolous excuse for his continued use of irrelevant or non-existent citations. The lack of candor before this court and continued use of false citations after Defendants' identification demonstrates that alternative sanctions would be inadequate.

While Plaintiff has repeatedly ignored this court's instructions by filing improper motions that now require Defendants' attention to misleading material, his "excessive filing behavior" is limited to this instant case. Miles v. Angelone, 483 F. Supp. 2d 491, 497 (E.D. Va. 2007); see also Cromer, 390 F.3d at 818 (establishing the first factor of "vexatious, harassing, or duplicative lawsuits"). Thus, "[a] general prefiling injunction would . . . not be 'narrowly tailored to fit the specific circumstances at issue' and would be inappropriate." Miles, 483 F. Supp. 2d at 497 (quoting Cromer, 390 F.3d at 818). Like in Miles, the injunction would be limited to Plaintiff's "ability to file future pleadings" in this current case. Id.

Prior to issuing a prefiling injunction, however, "the district court must afford the litigant notice and an opportunity to be heard." Larrimore v. Williamson, 288 F. App'x

- 8 -

62, 63 (4th Cir. 2008). While Plaintiff has been warned multiple times of his frivolous use of the litigative process, "there is no specific reference to a pre-filing injunction in the Court's previous warnings to Plaintiff[]." Sayman, 2015 WL 792051, at *8. This court therefore declines to impose a prefiling injunction at this time. Instead, this court will only impose sanctions for Plaintiff's repeated failure to follow the Local Rules of this court, Plaintiff's excessive pleadings despite multiple warnings, and Plaintiff's false citations. Plaintiff is expressly warned that a prefiling injunction, for the reasons stated above, may be warranted and additional "leniency will not be extended in future filings." Id. (emphasis in original).

In light of the foregoing and other matters addressed at the May 29, 2026 hearing, this court finds Plaintiff should be sanctioned. This court will impose the following sanctions. First, Plaintiff will be required to pay a penalty to the court in the amount $120.00. Second, Plaintiff may continue to cite cases within his pleadings. However, Plaintiff is required to attach copies of any cases, statutes, or other law cited in his pleadings. Defendants shall not be required to respond to Plaintiff's pleadings until the court so directs. (See Doc. 143 at 3.)

- 9 -

For the reasons set forth herein,

**IT IS ORDERED** that Plaintiff shall pay to the Clerk of the Middle District of North Carolina a penalty in the amount of $120.00. This case is hereby **STAYED** for 90 days or until such time as Plaintiff pays the sanction. If Plaintiff fails to pay this sanction within 90 days, this court will consider additional sanctions, including dismissal of the Complaint.

**IT IS FURTHER ORDERED** that Plaintiff may continue to file any proposed pleadings electronically. Plaintiff shall attach copies of any cases, statutes, or other law cited in his pleadings to his pleadings. The failure to attach cases, statutes, or other cited law as ordered shall result in this court striking the pleading. Any additional filings of frivolous documents will result in this court issuing a prefiling injunction order. Defendants shall not be required to respond to Plaintiff's pleadings until the court so directs and need not move for a prefiling injunction.

This the 2nd day of June, 2026.

_____
United States District Judge

- 10 -